**SO ORDERED.**

**SIGNED July 13, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE
_____

```
             UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA
                LAFAYETTE-OPELOUSAS DIVISION


IN RE:

GULF STATES PETROLEUM CORP.,                    CASE NO. 96-21110

     Debtor                                     CHAPTER 7
-----------------------------------------------------------------
RICHARD JOHNSTON, TRUSTEE,

          Plaintiff

VERSUS                                   ADVERSARY PROCEEDING 04-5036

RANDALL MAY,

          Defendant

-----------------------------------------------------------------
                       MEMORANDUM RULING
-----------------------------------------------------------------
```

On June 14, 2004, Richard Johnson, in his capacity as Trustee of Gulf States Petroleum Corp., filed the instant complaint against Randall May seeking various relief. No answer or other pleading

having been filed, counsel for plaintiff requested the entry of judgment of default. Accordingly, Entry of Default ("EOD") occurred on May 25, 2005.

Service of the EOD was made upon Mr. May through the Bankruptcy Noticing Center ("BNC"). The Certificate of Service of the BNC, dated May 27, 2005, reflects service by mail upon Mr. May at the address 6501 Velasco, Dallas, TX 75214-3758. In obvious receipt of this notice, Mr. May filed a Motion to Vacate Deputy Clerks Entry of Default ("Motion"). The Trustee opposes the Motion.

A hearing on the Motion was held on July 5, 2005. Present were Jennifer M. Stierman, counsel for plaintiff, and D. Patrick Keating, counsel for defendant[1]. After hearing argument of counsel, the Motion was taken under advisement.

The Motion contends service was defective and, therefore, the EOD should be vacated. The specific defect in service alleged is that the Certificate of Service does not state upon whom the summons and complaint were served nor at what address were they

---

[1] There is some question whether Mr. Keating has made a general appearance on behalf of Mr. May. While he made a limited appearance for Mr. May at earlier stages in the case, this appears to be the first time pleadings were filed by Mr. Keating on behalf of Mr. May. For the purpose of the Motion, the court considers Mr. Keating as counsel for Mr. May for all purposes in the adversary proceeding.

2

sent. Mr. May further contends that he never received a copy of either the summons or complaint.

The Trustee argues that service was complete upon mailing, and that, but for Mr. May's refusal to accept the certified mail, he would have received both the summons and complaint.

As service was made by mail, the provisions of Rule 7004(b)(1), FRBP, must be satisfied:

> (b) Service by First Class Mail. . . . (S)ervice may be made within the United States by first class mail postage prepaid as follows:
>
>> (1) Upon an individual . . ., by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession.

Proof of service is regulated by Rule 4(l), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7004(a), FRBP. Rule 4(l) provides in relevant part:

> (l) Proof of Service. If service is not waived, the person effecting service shall make proof thereof to the court. If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. . . . Failure to make proof of service does not affect the validity of the service. The court may allow a proof of service to be amended.

The Certificate of Service filed by plaintiff's counsel on June 15, 2004, indicates service of the summons and complaint by "Regular, first class United States mail and certified mail, return

3

receipt requested, postage fully pre-paid, addressed to:" Neither a name nor an address follow the colon. The court concludes that the plaintiff has failed to prove service within the meaning of Rule 4(l).

In accordance with Rule 4(l), however, the court will permit plaintiff an opportunity to amend the Certificate of Service to show the name of the person served and the address where the summons and complaint were mailed.  In the event plaintiff fails to amend the Certificate of Service within 15 days of the entry of this Memorandum Ruling, the complaint will be dismissed.

In the event an amended Certificate of Service is timely filed, the court will schedule a further evidentiary hearing to determine whether the court will vacate the EOD and grant Mr. May permission to file a late answer. The court observes that relevant jurisprudence of the Fifth Circuit addresses the requisite burden of proof when an allegation is made that mail was not received, i.e., In re Eagle Bus Mfg., Inc., 62 F.3d 730(5th Cir. 1995), as well as requirements for vacating an EOD and allowing late filed answers, i.e., Hibernia National Bank of Administracion Central Sociedad Anonima, 776 F.2d 1277 (5th Cir. 1985.)  The court cautions counsel that strict proof will be required at any continued hearing on the Motion; statements of counsel are not proof.

**IT IS SO ORDERED.**

4

###

04-05036 - #23   File 07/13/05   Enter 07/13/05 13:35:02   Main Document    Pg 5 of 5